UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                          Chapter 11 (Subchapter V)

SERIOUS FUN AFTER SCHOOL, INC.                              Case No. 24-24-24-44951-ess
*dba* SERIOUS FUN @ P.S. 17,
*fdba* SERIOUS FUN @ P.S. 84,
*dba* SERIOUS FUN @ P.S. 85Q,
*dba* SERIOUS FUN @ P.S. 150,
*fdba* SERIOUS FUN @ P.S. 166Q,

                           Debtor.
-------------------------------------------------------------X

### INTERIM ORDER UNDER 11 U.S.C. §§ 105, 361 AND 363 AND FED. R. BANKR. P. 4001 AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO THE LENDERS AND SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 4001(B)

Upon consideration of the motion (the "Motion") of Serious Fun After School, Inc., *dba* Serious Fun @ P.S. 17, *fdba* Serious Fun @ P.S. 84, *dba* Serious Fun @ P.S. 85Q, *dba* Serious Fun @ P.S. 150, *fdba* Serious Fun @ P.S. 166Q, the debtor and the debtor in possession (the "Debtor"), seeking the entry of an interim order (the "Interim Order") pursuant to sections 105, 361 and 363 of Title 11 of the United States Code, (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and E.D.N.Y. LBR 4001-5: (i) authorizing the Debtor to use the cash collateral (the "Cash Collateral") of First Central Savings Bank, and the SBA (collectively, the "Cash Collateral Lenders"), pre-petition secured lenders; and (ii) scheduling a final hearing (the "Final Hearing") on the Motion; and the Court having jurisdiction of this Chapter 11 case and to consider the Motion and the relief requested herein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Eastern District of New York, dated July 19, 1984; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the Affidavit Pursuant to Local Rule 1007-4 and Affidavit in Support

of First Day Motions executed by Sylvia Sewell, the Executive Director of the Debtor in support of the Motion filed concurrently with the Motion; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as set forth in the Motion; and no other or further notice being required under the circumstances, and the relief requested in the Motion being in the best interests of Debtor, its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court held on _____, 2024 (the "Interim Hearing"); and the Court having determined that the legal and factual basses set forth in the Motion and at the Interim Hearing established just cause for the interim relief granted herein; and upon all of the proceedings held before the Court; and after due deliberation and sufficient cause appearing therefor; and after overruling objections to the Motion, if any:

**IT IS HEREBY FOUND that:**

A. On November 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed in this Chapter 11 case, except that a Subchapter V trustee shall be appointed pursuant to section 1183.

B. This Court has jurisdiction over this Chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought are sections 105, 361 and 363 of the Bankruptcy Code, Rule 4001(b)

        of the Bankruptcy Rules and E.D.N.Y. LBR 4001-5. Venue of the Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     Good cause has been shown for the entry of this Interim Order. As set forth in the Motion, the Debtor has significant and immediate need for the use of Cash Collateral to satisfy its post-petition operating expenses, including, but not limited to, the payment of the Debtor's lease and payroll, as well as other operating expenses. Absent the immediate use of the Cash Collateral, the Debtor and its estate shall suffer immediate and irreparable harm and will not be able to emerge successfully from Chapter 11.

D.     The relief requested in the Motion is necessary, essential, and appropriate in order that the Debtor may continue paying its obligations and preserve the assets of the estate as a going concern.

E.     Based upon the Motion, the Budget (as defined herein), and the record presented to the Court at the Interim Hearing, the terms of the Debtor's use of the Cash Collateral is fair and reasonable and reflect the Debtor's and its respective managing director's exercise of prudent business judgment consistent with their fiduciary duties.

F.     The Cash Collateral Lenders have valid liens on the Cash Collateral and are entitled to adequate protection. As a result of the entry of this Interim Order, the Cash Collateral Lenders' interests in the Debtor's personal property shall be adequately protected.

G.     The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The use of the Cash Collateral as set forth in the accompanying Budget is necessary to avoid immediate and irreparable harm to the

Debtor. The Court concludes that entry of this Interim Order is in the best interests of the Debtor, its estate and creditors.

H.  Notice of the Motion has been given to: (i) the Office of the United States Trustee; (ii) the Cash Collateral Lenders; (iii) the Debtor's 20 largest unsecured creditors; and (iv) any party having filed a notice of appearance and demand for service in this Chapter 11 case.

**IT IS HEREBY ORDERED:**

1.  **The Application.** The Motion is granted on an interim basis to the extent set forth herein. All objections to the Motion, to the extent not withdrawn, are hereby overruled.

2.  **Cash Collateral.** For purposes of this Interim Order, "Cash Collateral" shall consist of all cash collateral (as defined in section 363(a) of the Bankruptcy Code) of the Cash Collateral Lenders, including the amounts realized by the Debtor from the sale, lease or other disposition or conversion of the Cash Collateral Lenders' collateral pledged by the Debtor to secure its obligations to those parties.

3.  **Authorization.** Subject to the terms and conditions herein, the Debtor is authorized to use the Cash Collateral, for the interim period commencing from the date of the entry of this Interim Order through February 23, 2025, in accordance with the Budget and in an amount not to exceed $242,202.50. The Debtor may expend up to an additional 10% per line item in the interim budget or 5% of the overall Budget. The use of the Cash Collateral by the Debtor shall give rise to an obligation by the Debtor for the repayment of the Cash Collateral used.

4.  **Term.** The Debtor's authorization to use the Cash Collateral shall commence as of entry of this Interim Order by the Court and terminate upon the earliest of: (i) the date that is ninety-one (91) days after the Petition Date; (ii) entry of a Final Order or a further interim order

granting the Debtor's authorization to use the Cash Collateral; or (iii) the occurrence of a Termination Event (the "Termination Date").  Occurrence of the Termination Date shall terminate the rights of the Debtor to use the Cash Collateral hereunder, but shall not in any manner affect the rights, privileges or other protections afforded by any Cash Collateral Lender, or in any manner affect the validity, priority, enforceability or perfected status of a lien or security interest granted for the benefit of any Secured Party pursuant hereto.

**5.1** **Adequate Protection for the Cash Collateral Lenders.**  (Bankr. R. 4001(b)(1)(B)(iv):  As adequate protection for any diminution in the value of the Cash Collateral Lenders' interest in their collateral resulting from (a) the Debtor's use of Cash Collateral; (b) use, sale or lease the Debtor's personal property; or (c) the imposition of the automatic stay under section 362(a) of the Bankruptcy Code (the aggregate amount of such diminution is referred to hereinafter as the "Adequate Protection Liens"), the Cash Collateral Lenders shall receive the following adequate protection: (i) replacement liens pursuant to section 361(2) of the Bankruptcy Code (the "Replacement Liens") on all property of the Debtor and its estate, whether now owned or hereafter acquired (collectively, the "Post-petition Collateral"), to the extent required by the pre-petition loan documents (the "Loan Documents"), and  to the same extent and validity as its pre-petition liens.

**5.2** **Carve Out**: The Adequate Protection Liens shall be subject to the following (collectively, the "Carve Out"): (i) all fees required to be paid to the Clerk of this Court and the Subchapter V Trustee, as allowed by the Court, the Bankruptcy Code and the Bankruptcy Rules; (ii) all reasonable fees and expenses up to, and not to exceed $10,000.00 incurred by a trustee under Bankruptcy Code section 726(b); (iii) to the extent allowed at any time, whether by interim order, final order, procedural order, or otherwise, all accrued and unpaid fees and expenses

("Allowed Professional Fees") incurred by persons or firms retained by Debtor under Bankruptcy Code sections 327, 328, or 363 ("Debtor's Professionals") and any statutory committee appointed under Bankruptcy Code sections 328 or 1103 ("Committee") (collectively, Committee and Debtor's Professionals "Professional Persons"), at any time before or on the date of a carve out trigger notice ("Carve Out Trigger Notice"), whether allowed by this Court prior to or after delivery of a Carve Out Trigger Notice; and (iv) allowed Professional Fees of Professional Persons incurred on and after the first business day following delivery of the Carve Out Trigger Notice shall be subject to an aggregate cap of fifty thousand dollars ($50,000.00).

   **5.3**  The Replacement Liens granted to the Cash Collateral Lenders shall become valid, enforceable and fully perfected liens without any action by the Debtor or the Cash Collateral Lenders, and no filing or recordation or other act that otherwise may be required under federal or state law in any jurisdiction shall be necessary to create or perfect such liens and security interests. If the Cash Collateral Lenders hereafter reasonably request that the Debtor execute and deliver to it financing statements, security agreements or other instruments or documents considered to be necessary or desirable to further evidence perfection of the liens and security interests granted herein, the Debtor is hereby authorized to execute and deliver such documents.

   **5.4**  The Replacement Liens granted by this Interim Order shall survive the entry of any order: (i) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (ii) dismissing this Chapter 11 case; (iii) appointing a Chapter 11 trustee or examiner with expanded powers; and the Replacement Liens granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such an order, and such Replacement Liens shall maintain any priority granted in this Interim Order.

**5.5** The Interim Order shall be without prejudice to any party to seek any further application for other or further adequate protection or relief or modification of the automatic stay or any other rights, claims or privileges of any type.

**6.** **Term and Restrictions.** The Debtor's authorization to use the Cash Collateral shall be subject to the following terms and restrictions:

**6.1** From the entry of this Interim Order and continuing until the Termination Date, the Cash Collateral Lenders shall be entitled, upon ten (10) business day's written notice, at any time during the Debtor's normal business hours, the right to inspect, audit, examine, check, make copies of or extract from the books and records of the Debtor, and monitor the Collateral, and the Debtor shall make all of the same reasonably available to the Cash Collateral Lenders and their representatives, for such purposes.

**6.2** The Debtor shall undertake to keep the Collateral fully insured against all loss, peril and hazard and make Cash Collateral Lenders the additional insured in any such insurance policy maintained by the Debtor as to the Collateral. The Debtor shall timely pay any and all undisputed post-petition taxes, assessments and governmental charges with respect to the Collateral as provided for under the Loan Documents. The Debtor, at the request of the Cash Collateral Lenders, shall provide proof of insurance, and will give proof of any reasonable requested changes within five (5) business days of written demand and will give the Cash Collateral Lenders reasonable access to its records in this regard.

**7.** **Termination Events.** Each of the following shall constitute a "Termination Event" with respect to the authorization of the Debtor to use the Cash Collateral, unless waived by the Cash Collateral Lenders.

**7.1** The Chapter 11 case has been dismissed or converted to a Chapter 7 case under the

Bankruptcy Code, or there shall have been appointed in the Chapter 11 case, a trustee, other than a Subchapter V trustee, or an examiner with expanded powers beyond the authority to investigate particular activities of the Debtor.

**7.2** The Debtor files a motion seeking to modify, vacate, stay, supplement or amend the terms of this Interim Order without the prior written consent of the Cash Collateral Lenders.

**7.3** This Interim Order is modified, vacated, stayed, supplemented, reversed, or is for any reason not binding on the Debtor, without the prior written consent of the Cash Collateral Lenders.

**7.4** The Debtor fails to perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligation under this Interim Order.

**7.5** The Debtor expends more than 110% per line item, or 105% of the overall Budget, unless caused by an increase in business by the Debtor.

**7.6** There is at any time a material inaccuracy in any financial report or certification provided by the Debtor to the Cash Collateral Lenders.

**8.** **Remedies.** The Secured Party shall provide the Debtor, counsel for any Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor, the Subchapter V trustee, and the Office of the United States Trustee, with written notice of the occurrence of a Termination Event (the "Remedies Notice"). Upon the expiration of ten (10) business days after the Debtor, counsel for the Committee (and if no Committee is appointed, the 20 largest creditors of the Debtor), the Subchapter V trustee, and the U.S. Trustee's receipt of the Remedies Notice, and the Debtor has failed to cure the alleged Termination Event, the automatic stay provisions of section 362 of the Bankruptcy Code shall be deemed vacated and modified to the extent necessary to permit that Secured Party to exercise its rights and remedies against the Debtor and its collateral,

including, but not limited to, its right to setoff against any existing Cash Collateral. The Debtor's right to use the Cash Collateral shall terminate upon the expiration of the ten-day cure period.

9. **Preservation of Rights.** This Interim Order does not contain an acknowledgment by the Debtor as to the validity, enforceability and amount of any secured obligation and security interest. The Debtor expressly reserves its rights in that regard.

10. **Binding Effect.** The provisions of this Interim Order shall be binding and inure to the benefit of the Cash Collateral Lenders, the Debtor and its estate, and any trustee that may be subsequently appointed in this Chapter 11 case or in any superseding Chapter 7 case. In the event that any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court, no such modification, amended or vacatur shall affect the validity, enforceability or priority of any lien or claim authorized or created hereby.

11. **No Third-Party Beneficiaries.** The Cash Collateral Lenders shall not be liable to any third parties (including any and all creditors of the estate or the Debtor who may have administrative claims within the Budget) and no such third parties are intended to or shall be deemed to be beneficiaries of the provisions of this Interim Order.

12. **Modification of the Automatic Stay.** The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation to: (i) permit the Debtor to grant the Adequate Protection Liens; (ii) permit the Debtor to perform such acts as the Cash Collateral Lenders may reasonably request to assure the perfection of the liens granted herein; (iii) permit the Debtor to incur all liabilities and obligations to the Cash Collateral Lenders under this Interim Order; and (iv) permit the Secured Party to exercise its rights and remedies as provided for herein.

13. **Binding Effect of Interim Order.** This Interim Order shall constitute findings of fact and conclusions of law immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary, including Bankruptcy Rule 6004(h), 7062, or 9014 or Rule 62(a) of the Federal Rules of Civil Procedure), the terms and provisions of this Interim Order shall be effective as of the the Petition Date, become valid and binding upon and inure to the benefit of the Debtor, the Cash Collateral Lenders, and any committee that may be appointed in this Chapter 11 case, and all other parties in interest, including any trustee or other fiduciary hereafter appointed in this Chapter 11 case, any successor Chapter 11 case, or upon dismissal of the Chapter 11 case. In the event of any inconsistency between these provisions of this Interim Order and any other "first day" order or any loan or other agreement, the provisions of this Interim Order shall govern and control.

14. The Court shall hold a final hearing (the "<u>Final Hearing</u>") before the Honorable Elizabeth S. Stong on _____ \_\_, **2024** to consider the entry of a final order granting relief; and it is further

15. The Final Hearing before Judge Stong will be conducted by telephone, video or in person, as the Court deems appropriate. Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys. Those intending to appear at the hearing must register with eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

Alternatively, in the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

**16** The Debtor shall serve a copy of this Order, via first class mail, upon (i) the Cash Collateral Lenders or their counsel; (ii) the Office of the United States Trustee; (iii) the Subchapter V trustee; (iv) counsel to any committee appointed in this Chapter 11 case; (v) the Debtor's 20 largest unsecured creditors; (vi) any party having filed a notice of appearance in this Chapter 11 case and a demand for service, on or before _____ \_\_**, 2024.**

**17.** The Debtor shall file an affidavit of service attesting to service of this Interim Order by no later than _____ \_\_**, 2024.**

**18.** Objections, if any, to the relief sought in the Final Order, must be in writing, conform with the Bankruptcy Code, the Bankruptcy Rules and the E.D.N.Y. Local Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than _____ \_\_**, 2024** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/ and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.