UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                            Chapter 11 (Subchapter V)

SERIOUS FUN AFTER SCHOOL, INC.                        Case No. 24-44951-ess
*dba* SERIOUS FUN @ P.S. 17,
*fdba* SERIOUS FUN @ P.S. 84,
*dba* SERIOUS FUN @ P.S. 85Q,
*dba* SERIOUS FUN @ P.S. 150,
*fdba* SERIOUS FUN @ P.S. 166Q,

                                    Debtor.
------------------------------------------------------------X

### ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND PAY BANK FEES, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) GRANTING RELATED RELIEF

UPON the motion dated November 25, 2024 [Dkt. No. 8] (the "Motion")[1] of Serious Fun After School, Inc., *dba* Serious Fun @ P.S. 17, *fdba* Serious Fun @ P.S. 84, *dba* Serious Fun @ P.S. 85Q, *dba* Serious Fun @ P.S. 150, *fdba* Serious Fun @ P.S. 166Q, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 Subchapter V case, by its proposed attorneys, the Law Office of Avrum J. Rosen, PLLC, seeking entry of an Order under §§ 105, 345, and 363 of the Bankruptcy Code, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), authorizing the Debtor to (a) continue operating its basic and centralized cash management system (the "Cash Management System") including the two (2) bank accounts with Chase Bank ending x8027 and x8735 (the "Chase Accounts") and the bank account with First Central Savings Bank ("FCSB") ending in x9873 (the "FCSB Account", together with the Chase Accounts, the "Prepetition Accounts") in existence as of November 25, 2024 (the "Petition Date"); (b) honor and pay the certain fees and charges in the normal course, including any prepetition bank fees (the "Bank Fees"); (c) maintain existing business forms; and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(d) granting certain related relief; and the Court having held a hearing on the Motion on November 27, 2024 at which Avrum J. Rosen, Esq. and Daniel J. LeBrun, Esq. appeared on behalf of the Debtor, and the Subchapter V Trustee having appeared, and the U.S. Trustee having appeared; and no opposition to the Motion having been interposed, or otherwise having been withdrawn or overruled; and after due deliberation and based upon the record made at the hearing; it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized, in its sole discretion, to continue operating the Cash Management System and to honor its prepetition obligations related to Bank Fees, subject to the requirements of this order; and it is further

**ORDERED**, that the Debtor shall open a debtor-in-possession account with an authorized depository (a "DIP Account"), or convert one (1) of its Prepetition Accounts into a DIP account within two (2) weeks of the entry of this Order; and it is further

**ORDERED**, that the Debtor may utilize its Cash Management System in its current state for a period of two (2) weeks from entry of this Order, or until a DIP Account is opened, whichever is sooner; and it is further

**ORDERED**, that after the aforementioned two (2) week period or opening of the DIP Account, the Debtor may continue to use the Prepetition Accounts until January 24, 2025, solely for the limited purpose of receiving incoming deposits, provided that all disbursements shall be made from the newly opened debtor-in-possession account; and it is further

**ORDERED**, that once the Debtor opens a debtor-in-possession account, all funds in the Prepetition Accounts shall be swept on a daily basis into the debtor-in-possession account; and it is further

**ORDERED**, that the Debtor is authorized, subject to meeting all requirements of this Order, to (i) continue to use the Prepetition Accounts until January 24, 2025, (ii) use, in its present form, all business forms, including letterhead, purchase orders, invoices, checks, and other documents related to the Prepetition Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor in possession; deposit funds in and transfer those funds to the Debtor's Debtor-in-Possession account, and to only make such payments including checks, wire transfers, ACH transfers, debits, or other similar means, as permitted by other orders of this Court, until January 24, 2025, (v) and to otherwise perform its obligations under the documents governing the Prepetition Accounts until January 24, 2025; and it is further

**ORDERED**, that Chase Bank and FCSB are authorized, but not obligated, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive and process any and all checks, drafts, wires, credit card payments, and ACH transfers issued to the Bank Accounts after the petition date by the holders or makers thereof, as the case may be, and to pay any checks or ACH debits as designated by the Debtor, pursuant to other orders of this Court. Those certain existing deposit agreements, between the Debtor and Chase Bank and the Debtor and FCSB shall continue to govern the postpetition cash management relationship between the Debtor and Chase Bank and the Debtor and FCSB, and all the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to the offset or charge back rights, shall remain in full force and effect; and it is further

**ORDERED**, that the Debtor and Chase Bank and/or FCSB may, without further Order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business; and it is further

**ORDERED**, that so long as the Prepetition Accounts remain open, the Debtor shall file copies of the bank statements for the Prepetition Accounts with its monthly operating reports, in addition to bank statements for the debtor-in-possession account; and it is further

**ORDERED**, that the Debtor shall close its Prepetition Accounts on or before January 24, 2025, subject to further Order of the Court; and it is further

**ORDERED**, under Bankruptcy Rules 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED**, that this Court may retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: Brooklyn, New York
November 27, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge